Stephen V. O'Neal (State Bar No. 95804)
soneal@jonesday.com
Kent W. Lindsay (State Bar No. 120833)
klindsay@jonesday.com
David L. Wallach (State Bar No. 233432)
dwallach@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendants
CHEVRON CORPORATION,
CHEVRON U.S.A. HOLDINGS, INC.,
CHEVRON U.S.A. INC.
CHEVRON INVESTMENTS, INC.,
CHEVRON OVERSEAS CO., and
CHEVRON AUSTRALIA PETROLEUM CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

CPB CONTRACTORS PTY LIMITED,

Plaintiff,

v.

CHEVRON CORPORATION, et al. ,

Defendants.

**Case No. 16-5344**

[Removed action from Contra County Superior Court Case No. C16-01558]

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 9 U.S.C. § 201, *et seq.* AND 28 U.S.C. § 1446**

Complaint Filed: August 19, 2016

**TO THE CLERK OF THE ABOVE ENTITLED COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to 9 U.S.C. § 201, *et seq.* and 28 U.S.C. § 1446, Defendants Chevron Corporation, Chevron U.S.A. Holdings, Inc., Chevron U.S.A. Inc., Chevron Investments, Inc., Chevron Overseas Company, and Chevron Australia Petroleum Company (collectively, "Defendants"), hereby jointly remove this action, initially filed in the Superior Court of the State of California for the County of Contra Costa, to the United States District Court for the Northern District of California.

The Federal Arbitration Act, 9 USC § 205 provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

Removal is proper here because (1) Plaintiff is a party to an agreement that includes an arbitration provision that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention" or "Convention") (*see* 9 USC § 202) and (2) the subject matter of the litigation relates to the arbitration agreement (*see* 9 USC § 205).

## I. THE REMOVED CASE

1. The removed case is a civil action filed on August 19, 2016, in the Superior Court of the State of California for the County of Contra Costa, styled *CPB Contractors Pty Limited v. Chevron Corporation, Chevron U.S.A. Holdings Inc., Chevron U.S.A. Inc., Chevron Investments, Inc., Chevron Overseas Company and Chevron Australia Petroleum Company*, Case No. C16-01558. A copy of the Complaint is attached to the Declaration of Catherine T. Zeng in Support of the Notice of Removal ("Zeng Decl.") ¶ [X] & Ex. A ("Compl."), filed concurrently herewith.

2. Plaintiff CPB Contractors Pty Limited alleges two state-law causes of action

against Defendants: (1) intentional inference with contract; and (2) breach of contract. Plaintiff seeks damages, including punitive damages, and attorneys' fees and costs. Compl., Prayer ¶¶ 1-6.

## II. RELEVANT ALLEGATIONS IN PLAINTIFF'S COMPLAINT[1]

3. The Complaint alleges that Plaintiff, "as part of a consortium with Saipem SA, a French Company and Saipem Portugal Comercio Maritimo LDC, a Portuguese company, was awarded a bid as the main contractor for the construction of a 1.3 mile long jetty" in Western Australia. Compl. ¶ 22. The consortium is called Saipem Leighton Consortium or "SLC." *Id.*

4. On November 10, 2009, Plaintiff, as "a part of the [SLC] consortium," entered into a contract with two joint ventures (referred to in the Complaint as "Chevron JV" and "KJV,") for the construction of the jetty in Western Australia. Compl. ¶ 32. Neither Chevron JV nor KJV are parties to the instant action. Plaintiff refers to its agreement with Chevron JV and KJV as the "Jetty Contract." Compl. ¶ 32. A copy of the "Form of Agreement" and "General Terms and Conditions" of the Jetty Contract are attached as Exhibit C to the Zeng Declaration.

5. The Jetty Contract includes an arbitration clause that requires any "Dispute" to be arbitrated.[2] The mandatory dispute resolution process provides first for direct negotiations between the parties, then for an optional reference to a dispute board, and ultimately for binding arbitration. "Dispute" is broadly defined at Article 1.26 of the Jetty Contract to mean "any dispute or controversy arising out of this Agreement or the performance of the Work, including a Claim or any dispute or controversy regarding the existence, construction, validity, interpretation, enforceability or breach of this Agreement." Article 1.72 defines "Work" to include "all services to be performed, obligations, duties, and responsibilities required of Contractor pursuant to this Agreement…" Article 1.11 defines "Claim" as "any claim, liability, loss, demand, damages, Lien, cause of action of any kind, obligation, costs, royalty, fees, assessments, penalties, fines,

[1] Nothing in this Notice of Removal constitutes an admission that Plaintiff's allegations are sufficient to state a claim, have any substantive merit, or that Defendants concede the truth of any allegation.

[2] Section 205 abrogates the well-pleaded complaint rule and permits the basis for removal—the arbitration agreement falling under the Convention—to appear in the petition for removal. *See* 9 U.S.C. § 205 ("The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.").

judgment, interest and award (including recoverable legal counsel fees and costs of litigation of the Person asserting the Claim), whether arising by law, contract, tort, voluntary settlement or otherwise."

6. Pursuant to Article 21.2.1, if direct negotiations do not resolve a "Dispute" within 30 days, the Dispute can be referred to a dispute board "on terms and conditions to be agreed between [Chevron JV and SLC]." If the parties do not agree to use a dispute board or if the dispute board process is unsuccessful, either Chevron JV or SLC is permitted to initiate binding arbitration. Article 21 of the Jetty Contract provides that "Any Dispute shall be exclusively and finally settled … [by] binding arbitration … conducted in accordance with the UNCITRAL Rules with the Institute of Arbitrators and Mediators, Western Australian Chapter ("Institute") acting as the appointing authority. The seat of arbitration shall be Perth, Western Australia, and the language to be used in the arbitral proceedings shall be English."

7. Plaintiff entered into an amendment of the Jetty Contract with Chevron JV and KJV called the "Deed of Settlement and Release" or "DOS." Compl. ¶ 76. The DOS provides that "except as otherwise provided by the [DOS] the [Jetty] Contract remains in full force and effect." Compl. ¶ 81. Article 22.2 of the DOS states that any dispute arising out of or relating to the DOS is subject to arbitration as outlined in the Jetty Contract. A copy of relevant portions of the DOS is attached as Exhibit D to the Zeng Declaration.

8. The Complaint alleges that Defendants intentionally and tortiously interfered with the Jetty Contract and the DOS and induced Chevron JV and KJV to breach the Jetty Contract and the DOS by rejecting Plaintiff's requests for additional compensation made in Change Order Requests ("CORs") submitted pursuant to the terms of the Jetty Contract. *See e.g.,* Compl. ¶¶ 396-403.

9. Plaintiff also alleges that Defendants breached a "Jetty Charter," which it alleges is part of the various agreements to construct the Jetty. Compl. ¶¶ 67-75. The Jetty Charter is attached as Exhibit F to the Zeng Decaration. It is a one-page document created by the parties to the Jetty Contract that envisions an "open, trusting, honest, and cooperative culture" for the project and committing to the health and safety of the workforce, quality and timely work, a

"CAN-DO" attitude, and a collaborative working environment.

10. Plaintiff alleges that Defendants breached the Jetty Charter by "wrongfully rejecting Plaintiff's fully supported CORs…" and other requests for payment for the Gorgon Project. Compl. 422. The breach of the Jetty Charter is thus premised on the same conduct and alleges the same damages as Plaintiff's tortious interference claims.

11. On February 9, 2016, SLC invoked the Jetty Contract's dispute resolution provision and served a Notice of Dispute alleging that Chevron JV and KJV breached the Jetty Contract by failing to pay SLC amounts it claimed were owed under the Jetty Contract. Compl. ¶ 267. A copy of the "Notice of Dispute" is attached as Exhibit E to the Zeng Declaration.

12. The Notice of Dispute sets forth the Disputes with respect to which SLC, including the Plaintiff, has invoked the Jetty Contract's dispute resolution mechanism as follows:

> 1. The Disputes comprise:
>
> a. claims made in respect of Change Order Requests (**CORs**) as further described in **Attachment A** and the schedules to this Notice of Dispute;
>
> b. claims for breach of Contract by [KJV] and [Chevron JV] as further described in **Attachment A** and the schedules of this Notice of Dispute;
>
> c. claims for adjustments to the Contract Price, Agreement Schedule and Time(s) for Completion as further described in **Attachment A** and the schedules to this Notice of Dispute;
>
> d. claims for breach of Contract by [KJV] and [Chevron JV] for failure to make payment of amounts due under the Jetty Contract including claims for damages arising from loss of the use of money that ought to have been paid by [Chevron JV];
>
> e. disputes regarding purported deductions made by [KJV] from amounts due to Contractor for unfinished Change Orders, liquidated damages and backcharges; and
>
> f. disputes between Contractor, [KJV], and [Chevron JV] as further described in **Attachment A** and the schedules to this Notice of Dispute.

Notice of Dispute at 2.

13. The Notice of Dispute seeks the same damages for failure to pay the same CORs that Plaintiff seeks here. For instance, the Complaint seeks damages for CORs 227, 228, 234, 236 and 249 (Compl. ¶ 103); CORs 392, 398, 400, 401, and 404 (Compl. ¶ 113); CORs 326, 377 and 385 (Compl. 155); COR 334 (Compl. ¶ 169); and CORs 211, 261, 357, 368 and 444 (Compl. 181). The "Notice of Dispute" claims for these same CORs pursuant to the Jetty Contract disputes process. *See* Ex. E, "Attachment A.

14. In the Notice of Dispute, SLC thus seeks to recover all amounts it claims it is owed under the Jetty Contract, to recover damages from Chevron JV's failure to pay pursuant to the Jetty Contract, and to resolve related disputes about the timing and schedule of the Jetty Project. Plaintiff, a member of SLC, seeks to recover the exact same alleged payment shortfalls in this lawsuit against non-parties to the Jetty Contract.

## III. REMOVAL JURISDICTION

### A. The Jetty Contract and Amendment Fall Under The New York Convention

15. Pursuant to 9 U.S.C § 202, an agreement "falls under" the Convention where (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a legal relationship that is considered commercial, and (4) at least one party to the agreement is not an American citizen or the commercial relationship has some reasonable relationship with one or more foreign states. *See Balen v. Holland*, 583 F.3d 647, 655 (9th Cir. 2009); *Prograph Intern. Inc. v. Barhydt,* 928 F. Supp. 983, 988 (N.D. Cal. 1996); *Javier v. Carnival Corp.*, 2010 WL 3633173, *3 (S.D. Cal., 2010).

16. The Jetty Contract and the DOS meet the requirements of 9 U.S.C. § 202 because (1) they are a written contract which provides for arbitration in Australia of any dispute or controversy "arising out of this Agreement or the performance of the Work"; (2) Australia is a signatory to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (*See* http://www.newyorkconvention.org/countries*; Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 468 (6th Cir. 2009)); (3) the Jetty Contract arises out of a commercial relationship between Plaintiff and two joint ventures for the completion of a

construction project; and (4) Plaintiff, an Australian company (Compl. ¶ 6), is a party to the Jetty Contract and the DOS and the subject matter of those agreements is the design and construction of a jetty in Australia (*Id.* ¶ 22).

**B. The Subject Matter Of The Litigation Relates To The Arbitration Agreement**

17. Removal of an action to a district court pursuant to 9 U.S.C. § 205 is appropriate where "the subject matter of an action or proceeding pending in State court relates to an arbitration agreement or award falling under the Convention…" The Court of Appeals for the Ninth Circuit has held that the "phrase 'relates to' [in § 205] is plainly broad, and has been interpreted to convey sweeping removal jurisdiction in analogous statutes." *Infutura Global v. Sequus Pharmaceuticals, Inc.,* 631 F.3d 1133, 1138 (9th Cir. 2011). Section 205 permits removal whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case. *Id.* at 1138 (citing *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) ("[a]s long as the defendant's assertion [regarding the basis for removal] is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. This is all that is required to meet the low bar of 'relates to.'").

18. Removal is proper even where Defendants are not signatories to the foreign arbitration agreement. *Infuturia Global,* 631 F.3d at 1135. Indeed, removal is particularly justified in cases like this one, where the arbitration provision may be enforced by nonsignatories under the doctrine of equitable estoppel. "The *sine qua non* for allowing a nonsignatory to enforce an arbitration clause based on equitable estoppel is that the claims the plaintiff asserts against the nonsignatory are dependent on or inextricably bound up with the contractual obligations of the agreement containing the arbitration clause." *Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 213–14 (2009); *see Marenco v. DirecTV LLC*, 233 Cal. App. 4th 1409, 1417 (2015) ("The doctrine applies where, for example, a signatory plaintiff sues a nonsignatory defendant for claims that are based on an underlying contract."). In fact, "[c]laims of tortious interference with contract are particularly well suited for imposing equitable estoppel against the signatory: But for the contract containing the arbitration clause, there would be no breach and no claim for interference with the contract." *Goldman*, 173 Cal. App. 4th at 226 n.10. As set forth

in more detail in paragraphs 19 – 21, below, Plaintiff's claims are "based on an underlying contract" (*Marenco*, 233 Cal. App. 4th at 1417), and "inextricably bound up with the contractual obligations of the agreement containing the arbitration clause" (*Goldman*, 173 Cal. App. 4th at 213–14).

19. Indeed, Plaintiff's Notice of Dispute which identifies the same CORs and same damages claimed in Plaintiff's Complaint, establishes by itself that Plaintiff's claims are "based on [the] underlying contract" and are "inextricably bound up with the contractual obligations of the agreement containing the arbitration clause."

20. Further, Plaintiff's claim for intentional interference with contract is predicated on the contention that Chevron JV and KJV breached the Jetty Contract and the DOS. Plaintiff seeks to hold Defendants liable for Chevron JV and KJV's purported breaches based on conclusory allegations that Defendants induced those breaches. Compl. at section V. ("Causes of Action"). Pursuant to the Jetty Contract and the DOS, arbitration is the exclusive forum for determining whether a breach occurred. Adjudicating the issue of whether Chevron JV and KJV breached the Jetty Contract in any forum other than the agreed upon arbitration would circumvent the intentions of the parties to the agreement and violate the strong federal policy in favor of enforcing arbitration agreements. *See Beiser,* 284 F.3d at 673 ("In interpreting the Federal Arbitration Act (FAA), which is expressly made applicable to arbitration clauses under the Convention, the Supreme Court requires that we resolve all questions with a 'healthy regard' for the federal policy favoring arbitration.").

21. Where, as here, tortious interference claims are based on an alleged breach of a contract that includes an arbitration agreement, they are routinely stayed in favor of arbitration. *See, e.g., Bitstamp Ltd. v. Ripple Labs Inc.,* 2015 WL 4692418, at *5 (N.D. Cal. Aug. 6, 2015). If an arbitration panel ultimately decides that Chevron JV and KJV have not breached the Jetty Contract, Defendants will be entitled to use that finding as a defense to Plaintiff's claims of "Intentional Interference with Contract." If an arbitration panel ultimately decides that a breach of the Jetty Contract and Chevron JV and KJV has occurred, it will determine the quantum of compensatory damages to which Plaintiff is entitled for the breach, and Plaintiff will be precluded

from seeking any additional compensatory damages. In short, Plaintiff's claims are inextricably entwined with matters that are required to be arbitrated, and it is beyond dispute that arbitration "could conceivably affect the outcome of the plaintiff's case." *Infuturia Global*, 631 F.3d at 1138. Removal therefore is appropriate.

## IV. SUBJECT MATTER JURISDICTION

22. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The Convention is a treaty of the United States. Thus, "an action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." *See* 9 U.S.C. § 203; *see alsoCasa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016) (holding that "[t]he jurisdiction of the district court was properly invoked under 28 U.S.C. § 1331 and 9 U.S.C. § 203 because the case arose under the Convention."); *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.,* 665 F.3d 1091, 1103 (9th Cir. 2011) (holding that federal question jurisdiction encompasses actions under the Convention Act.).[3]

23. As demonstrated above in paragraphs 14 through 20, the instant action "falls" under the Convention because the Jetty Contract meets the requirements of 9 U.S.C. § 202 and the subject matter of the litigation "relates to" the Jetty Contract pursuant to 9 U.S.C. § 205. *Beiser,* 284 F.3d at 670. ("Section 205 confers a form of federal question jurisdiction…").

## V. REMOVAL IS TIMELY

24. Defendants received notice of this action on August 19, 2016 when the first of the Defendants was served with the Complaint. Zeng Decl. ¶ 4.

[3] In addition, the Court also has Diversity Jurisdiction under 28 U.S.C. § 1332(a)(2) as Plaintiff is a "subject of a foreign state" and Defendants are citizens of California. *See Infuturia Global*, 631 F.3d at 1138 (holding that the "forum defendant" rule does not apply to cases removed under 9 U.S.C. § 205). While Plaintiff has not specified the amount of damages it seeks in the Complaint's Prayer, Plaintiff alleges it is owed millions of dollars as a result of Defendants alleged tortious interference and breach of contract. *See e.g.* Compl. ¶ ¶ 37-41, 52, 110, 124, 162 (alleging millions of dollars are owed to Plaintiffs). Therefore, the amount in controversy exceeds the threshold requirement of $75,000. 28 U.S.C. 1332(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

25. Pursuant to 28 U.S.C. § 1446(b)(1), a defendant has 30 days from receipt of the first pleading setting forth a removable claim to file a notice of removal in federal district court. Under 9 U.S.C. § 205, a defendant may remove an action at "any time before the trial."

26. Therefore, this Notice of Removal is timely.

## VI. ADDITIONAL REMOVAL REQUIREMENTS

27. Venue is proper in this Court because the Northern District of California, San Francisco/Oakland Division is the federal district embracing the Superior Court of California for the County of Contra Costa, where the State Court Action was originally filed. 28 U.S.C. § 1446(a).

28. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders in the state court action served on Defendants as of the date of this Notice are attached hereto. Zeng Decl. ¶¶ [X] & Ex. A-B.

29. As required by 28 U.S.C. § 1446(d), Defendants promptly will file with the Contra Costa County Superior Court a Notice to Trial Court and Adverse Party of Removal to Federal Court, and serve upon Plaintiff a true and correct copy of this Notice.

30. Defendants also will promptly serve upon Plaintiff a true and correct copy of the supplementary materials required by Civil L.R. 4-2 and 16-2(b).

## VII. NON-WAIVER OF DEFENSES

31. By this Notice of Removal, Defendants do not waive any objections to service, jurisdiction, venue or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

## VIII. CONCLUSION

WHEREFORE, Defendants hereby remove the above-entitled action to this Court from the Superior Court of the State of California, County of Contra Costa.

Dated: September 19, 2016

Respectfully submitted,

Jones Day

By: */s/ Steven V. O'Neal*
STEPHEN V. O'NEAL
KENT W. LINDSAY
DAVID L. WALLACH

Counsel for Defendants

NAI-1502045087v6